<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ASTOLFO TORRES,                     :
                                         Civil Action No. 10-4949 (JBS)
              Petitioner,      :

          v.                   :    **OPINION**

UNITED STATES OF AMERICA,      :
et al.,
              Respondents.     :


**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>
Astolfo Torres
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640


**SIMANDLE,** District Judge

     Petitioner Astolfo Torres, a prisoner currently confined at
the Federal Correctional Institution at Fort Dix, New Jersey, has
submitted a petition for a writ of habeas corpus pursuant to 28
U.S.C. § 2241[1] and an application to proceed in forma pauperis
pursuant to 28 U.S.C. § 1915(a).  The named respondents are the
United States of America and Warden Donna Zickefoose.

────────────────

     [1] Section 2241 provides in relevant part:

     (a) Writs of habeas corpus may be granted by the
     Supreme Court, any justice thereof, the district courts
     and any circuit judge within their respective
     jurisdictions.
     (c) The writ of habeas corpus shall not extend to a
     prisoner unless-- ... (3) He is in custody in violation
     of the Constitution or laws or treaties of the United
     States ... .

Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed in forma pauperis and direct the Clerk of the Court to file the Petition.

Because it appears from a review of the Petition that this Court lacks jurisdiction, the Court will dismiss the Petition without prejudice.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

On October 14, 2004, in the United States District Court for the Southern District of Florida, Petitioner pleaded guilty, without a written plea agreement, to an indictment charging him with conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine, and attempt to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 846.  At sentencing, Petitioner argued that he was entitled to a two-level "minor role" reduction.  At sentencing on January 7, 2005, the Court denied Petitioner's request and sentenced him to 108 months imprisonment.  See United States v. Torres, 04-cr-60196 (S.D. Fla.).[2]

---

[2] This Court will take judicial notice of the dockets of other federal courts in cases related to this Petition.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

Petitioner's pro se direct appeal was dismissed for lack of jurisdiction, because it was untimely.  See United States v. Torres, No. 05-11990 (11th Cir.).

Thereafter, Petitioner filed in the trial court a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  See Torres v. United States, 05-cv-61975 (S.D. Fla.). In that motion, Petitioner raised the following claims: (1) his mere intention to commit the crime was not enough to constitute an attempt and he was improperly charged in the indictment, (2) his lawyer convinced him to take the plea by incorrectly promising him that he would be sentenced to no more than three years imprisonment, and (3) he should have been awarded a "minor role" reduction at sentencing.  The trial court denied, on the merits, the motion and the subsequent motion for reconsideration. On September 19, 2007, the Court of Appeals for the Eleventh Circuit denied Petitioner's motion for a certificate of appealability.  See Torres v. United States, No. 07-10974 (11th Cir.).  On March 24, 2008, the Supreme Court of the United States denied certiorari.  See Torres v. United States, No. 07-9418 (U.S.).[3]

---

[3] On March 19, 2009, Petitioner filed in that action a motion under Rule 60(b)(1), for reduction of sentence, on the ground that his trial counsel had failed to make a due process argument challenging the mandatory minimum sentence applicable to this drug offense.  The trial court construed the motion as a successive § 2255 motion and denied it because Petitioner had not obtained authorization from the Court of Appeals to file it.  The

3

Thereafter, Petitioner submitted in this Court a Petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention on the grounds that: (1) he was denied his constitutional right to effective assistance of counsel at the trial level, in connection with trial preparation, the guilty plea process, and sentencing, and at the appeal level by failing to file a timely direct appeal; (2) he should have been awarded a "minor role" sentencing reduction; and (3) he did not understand the plea colloquy at his guilty plea hearing.  See Torres v. Grondolsky, Civil No. 08-4811 (D.N.J.).  On October 3, 2008, the Honorable Renée Marie Bumb of this Court dismissed that petition without prejudice for lack of jurisdiction.  Petitioner did not appeal.

On November 12, 2008, Petitioner returned to the trial court and submitted a Petition for writ of audita querela, in which he argued that, due to his minimal understanding of the English language, he did not understand the nature and consequences of the charges against him or of his guilty plea.  He also asserted that his attorney unduly influenced him to plead guilty.  On January 29, 2009, that petition was dismissed as a successive § 2255 motion, that Petitioner had not received authorization to

---

Court of Appeals for the Eleventh Circuit dismissed the appeal and denied the motion for certificate of appealability.  The Supreme Court of the United States denied Petitioner's application for a writ of certiorari.  See generally Torres v. United States, Civil No. 05-61975 (S.D. Fla.).

file from the Court of Appeals.  Petitioner did not appeal.  <u>See</u> <u>Torres v. United States</u>, Civil No. 08-61814 (S.D. Fla.).

Now Petitioner has returned to this Court, in the district of confinement rather than conviction, filing a new Petition for writ of habeas corpus under 28 U.S.C. § 2241, asserting that he is entitled to habeas relief because he is "actually innocent" of the crime and because his trial counsel failed to advise him on his deportation status prior to the entry of the guilty plea.[4]

II.   <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399

---

[4] Petitioner asserts that he is a citizen of Colombia.

U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255.  A one-year period of limitations applies to § 2255 motions.  See 28 U.S.C. § 2255(f).

Section 2255, however, contains a safety valve permitting resort to § 2241, a statute without timeliness or successive

petition limitations, and which is filed in the court of
confinement, where "it appears that the remedy by motion is
inadequate or ineffective to test the legality of [the
prisoner's] detention."  See 28 U.S.C. § 2255(e).  In Dorsainvil,
the Third Circuit held that the remedy provided by § 2255 is
"inadequate or ineffective" where a prisoner who previously had
filed a § 2255 motion on other grounds "had no earlier
opportunity to challenge his conviction for a crime that an
intervening change in substantive law may negate."  119 F.3d at
251.  The court emphasized, however, that its holding was not
intended to suggest that § 2255 would be considered "inadequate
or ineffective" merely because a petitioner is unable to meet the
stringent gatekeeping requirements of § 2255.  Id.  To the
contrary, the court was persuaded that § 2255 was "inadequate or
ineffective" in the unusual circumstances presented in Dorsainvil
because it would have been a complete miscarriage of justice to
confine a prisoner for conduct that, based upon an intervening
interpretation of the statute of conviction by the United States
Supreme Court, may not have been criminal conduct at all.  Id. at
251-52.

In Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir.
2002), the Court of Appeals emphasized the narrowness of the
"inadequate or ineffective" exception.  A § 2255 motion is
"inadequate or ineffective," authorizing resort to § 2241, "only

where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 539.

Thus, under Dorsainvil and its progeny, this Court would have jurisdiction over Petitioner's petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review.  See Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).

A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal procedural defect.[5]  A litigant

---

[5] Before AEDPA, the Supreme Court held that a petitioner otherwise barred from filing a successive § 2255 motion "may have his federal constitutional claim considered on the merits if he

must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim.  A claim of actual innocence requires a petitioner to show:  (a) new reliable evidence not available for presentation at the time of the challenged trial; and (b) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence.  See House v. Bell, 547 U.S. 518 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).  Furthermore, the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual innocence is extremely demanding and permits review only in the "extraordinary" case.  See House, 547 U.S. at 536-37 (citing Schlup, 513 U.S. at 327).

Here, it is clear that Petitioner has not presented any evidence that undermines the court's confidence in his conviction.  The claim of "actual innocence" is completely unsubstantiated factually.  Instead, Petitioner relies on a claim

_____

makes a proper showing of actual innocence."  Herrera v. Collins, 506 U.S. 390, 404 (1993).  This rule, the fundamental miscarriage of justice exception, is only granted in extraordinary situations, such as where it is shown that the constitutional violations probably resulted in the conviction of one who is actually innocent.  See id.; McCleskey v. Zant, 499 U.S. 467, 494 (1991).  The "claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  Herrera, 506 U.S. at 404.

9

of ineffective assistance of counsel, in the form of counsel's alleged failure to advise him of the immigration consequences of his plea, that is completely unrelated to his factual guilt or innocence.  In support of his Petition, Petitioner relies on Padilla v. Kentucky, 130 S.Ct. 1473 (2010), in which the Supreme Court held, in analyzing a Sixth Amendment claim of constitutionally deficient representation, that "counsel must inform her client whether his plea carries a risk of deportation." 130 S.Ct. at 1486.[6]  Petitioner alleges that his counsel did not advise him of the deportation consequences of his plea.

Whether or not the Padilla decision represents a new rule of law applicable retroactively,[7] it is not the type of change in

---

[6] More specifically, in Strickland v. Washington, 466 U.S. 668 (1984) the Supreme Court established a two-part test for analyzing claims of ineffective assistance of counsel.  First, a convicted criminal must show that counsel's performance "fell below an objective standard of reasonableness," and, second, that counsel's ineffectiveness was prejudicial.  Id. at 688, 692.  In order to satisfy the "prejudice" component in a guilty plea context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 29 (1985)  Courts can "dispose of an ineffectiveness claim" on either Strickland prong.  United States v. Nino, 878 F.2d 101, 105 (3d Cir. 1989).

[7] No Circuit Court of Appeal has yet opined on whether the decision in Padilla should be applied retroactively, and district courts that have addressed the issue are split.  See, e.g., Gudiel-Soto v. United States, 2011 WL 256297, *4 (D.N.J. Jan. 25, 2011) (collecting cases).  See also Teague v. Lane, 489 U.S. 288 (1989), setting for the circumstances under which a new rule of law will be applied retroactively.  As Padilla would afford

the law that would entitle Petitioner to proceed on a claim of actual innocence in this context; that is, it is not the type of change in the law presented in <u>Dorsainvil</u>, where an intervening Supreme Court decision actually negated the criminality of the petitioner's conduct.

Accordingly, this Court lacks jurisdiction under § 2241 to hear Petitioner's claims.  Instead, this Petition must be construed as a successive § 2255 motion, over which this Court, in the district of confinement, not conviction, also lacks jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  As Petitioner has already raised numerous unsuccessful challenges to his conviction before the trial court and before the Court of Appeals for the Eleventh Circuit, and because this claim could have been raised in the first § 2255 motion, it does not appear that it would be in the interest of justice to construe the Petition as one for leave to file a second or successive § 2255 motion and to transfer it to

---

Petitioner no relief even if it did apply retroactively, this Court need not determine that issue here.

11

the Eleventh Circuit.  The Petition will be dismissed for lack of jurisdiction.

Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue.

IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.


<u>**s/ Jerome B. Simandle**</u>
Jerome B. Simandle
United States District Judge

Dated: **May 31, 2011**